IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHRISTOPHER MICHAEL SWISHER,)
#244 848                                                  )
    Plaintiff,                                     )
                                                                    )
v.                                                              ) CIVIL ACTION NO.: 2:10-CV-670-MEF
                                                                    )                    [WO]
WARDEN S. GILES, II, *et al*.,                  )
                                                                    )
    Defendants.                                )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a state inmate, challenges the constitutionality of actions taken against him during his incarceration at the Bullock Correctional Facility in Union Springs, Alabama.[1] Named as defendants are Warden Sandra Giles, Sergeant James Griffin, and Correctional Officers Trayvious Wilson, Norris Lee, Michael Holcey, and Veronica Baldwin. Plaintiff complains that on July 3, 2010 Defendants Griffin, Wilson, Lee, and Holcey subjected him to excessive force in violation of his Eighth Amendment rights. Plaintiff further claims that Defendant Baldwin violated his right to due process during disciplinary proceedings. Plaintiff seeks injunctive relief, damages, and court costs.

In accordance with the orders of the court, Defendants filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint. The court then informed Plaintiff that Defendants' special report, may, at any

---

[1] During the pendency of this action Plaintiff was transferred to another state correctional facility.

time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff filed a response to the special report filed by Defendants. This case is now pending on Defendants' motion for summary judgment. Upon consideration of the motion, Plaintiff's opposition to the motion, and the supporting and opposing evidentiary materials, the court concludes that the motion for summary judgment filed by Defendants Giles and Baldwin is due to be granted and the motion for summary judgment filed by Defendants Lee, Wilson, Holcey ,and Griffin is due to denied.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2] The party moving

---

[2] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision ©, changing only one word – genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

When the moving parties meet their evidentiary burden, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. Defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-

finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of

[admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat

summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this

court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff has demonstrated a genuine dispute of material fact in order to preclude entry of summary judgment on his excessive force claim against Defendants Lee, Wilson, Holcey, and Griffin. The remaining defendants, however, are entitled to summary judgment on the claims lodged against them by Plaintiff.

## II.  DISCUSSION

*A.  Absolute Immunity*

To the extent the alleged constitutional violations Plaintiff lodges against Defendants are made against them in their official capacities, they are entitled to absolute immunity from monetary damages. Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his [or her] official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116

F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, Defendants sued in their official capacities are entitled to sovereign immunity under the Eleventh Amendment for the claims seeking monetary damages from them for alleged violations of Plaintiff' constitutional rights. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994).

B. *Injunctive Relief*

Plaintiff is no longer incarcerated at the Bullock Correctional Facility. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that Plaintiff is no longer incarcerated at the Bullock Correctional Facility, his requests for equitable relief have been rendered moot.

C. *Qualified Immunity*

With respect to Plaintiff's excessive force claim lodged against Defendants Lee, Wilson, Holcey, and Griffin in their individual capacities, they argue they are entitled to

8

qualified immunity. However, "'there is no room for qualified immunity' in Eighth Amendment ... excessive force cases because they require a subjective element that is 'so extreme' that no reasonable person could believe that his actions were lawful. *Johnson v. Breeden*, 280 F.3d 1308, 1321-22 (11th Cir. 2002)." *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008). "Moreover, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance." *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002). Thus, a qualified immunity defense is not available when a plaintiff properly pleads the use of excessive force and the only question for a federal district court is whether the plaintiff has alleged facts sufficient to survive a motion for summary judgment. *Id.* at 1302; *see also Hudson v. McMillian,* 503 U.S. 1, 9-10 (1992); *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996). Accordingly, this court will consider whether Plaintiff's allegation that Defendants Griffin, Wilson, Lee, and Holcey used excessive force against him, which the court must take as true for purposes of summary judgment, sets forth a violation of his Eighth Amendment rights.

D.  *Excessive Force Claim*

Plaintiff maintains that on July 3, 2010 while in C1-Grill Gate, Defendants Griffin, Wilson, Lee, and Holcey subjected him to excessive despite the fact that he showed no signs of being a threat to the officers and was not engaged in any resistance efforts with them.

Rather, Plaintiff contends that the guards' actions amounted to malicious and sadistic conduct in violation of his Eighth Amendment rights. (*Doc. No. 1*.)

Defendants' evidence includes an incident report prepared shortly after the matter about which Plaintiff complains occurred. According to this report, Officer Lee relieved Officer Wilson of Dorms C and K at 9:20 p.m. on July 3, 2010. Officer Wilson returned to Dorms C and K room approximately a minute later and both he and Officer Lee entered C-1 Quiet Room to pick up Officer Lee's belongings. Approximately three minutes later, at 9:24 p.m., Plaintiff entered C-1 Quiet Room and asked to get Officer Lee's plate. Officer Lee responded to Plaintiff by telling him to leave the Quiet Room and return to his assigned dorm. "That is some bullshit" Plaintiff replied and with clenched fists jumped in Officer Lee's face. Officer Lee yelled "Gas!" and pulled out his Sabre Red spray. He sprayed a one second burst in Plaintiff's face and ordered Plaintiff to put his hands behind his back. Because Plaintiff failed to comply with Officer Lee's directive the guard applied a "straight arm bar takedown" maneuver. The incident report states that "Officer Lee struck the right side of his [inmate Swisher's] head," and then Plaintiff landed on his right side. Officer Lee handcuffed Plaintiff to the rear and radioed for assistance. Officer Griffin responded immediately to Officer Lee's radio call and ordered a lock down of the hallway. Officer Holcey escorted Plaintiff to the Shift Commander's office and directed Officers Baldwin and Jordan to take Plaintiff to the infirmary for a body chart. After treatment and decontamination in the health care unit, Plaintiff was placed in segregation for violating rule

#57 - insubordination - and rule #56 - failure to obey a direct order. (*Doc. No. 15, Exhs. 2-7*.)

At the infirmary, Plaintiff informed medical personnel that he had soreness to his right side following an altercation with correctional officers and that he had also been maced. On physical exam Plaintiff was found to have increased redness to the left side of his head and face, he had an abrasion on his right shoulder, there were small bruised areas around the right side of his waist, and there was a small bruise on the right side of his forehead. At the conclusion of his examination, medical staff released Plaintiff to the custody of correctional staff and instructed him to return to the infirmary as or if needed. (*Doc. No. 15, Exh. 2 - Body Chart*.)

Claims of excessive force by prison officials against convicted inmates are governed by the Eighth Amendment's proscription against cruel and unusual punishment. *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). The standard applied to an Eighth Amendment excessive force claim contains both a subjective and objective component. *Hudson*, 503 U.S. at 8. The subjective component requires that prison "officials act[ed] with a sufficiently culpable state of mind." *Id*. (internal quotations omitted). With respect to the objective component, a plaintiff must show that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id*. However, "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Id*. at 4. "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has

11

the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 130 S.Ct.1175, 1178-1179 (2010).

Plaintiff maintains that he was not combative, abusive, or disobedient with Defendants Lee, Griffin, Wilson, or Holcey during the July 3, 2010 incident and, therefore, their use of force against him was unnecessary and unprovoked. Plaintiff maintains that on a previous occasion, Officer Lee had given him some food so when the guard arrived at the Quiet Room on July 3, 2010 to relieve Officer Wilson, Plaintiff asked him for some of his food. Officer Lee told Plaintiff to "holla at me before I leave." Plaintiff returned a short time later and asked Officer Lee "would he still do that for me." The guard retorted "hell no bitch I ain't giving you shit." Plaintiff asked Officer Lee what kind of game he was playing at which time Officers Lee and Wilson maced him. (*See Doc. No. 21 at pg. 2; Swisher Affidavit at 2; see also Doc. No. 15, Exh. 2 at pgs. 8, 15*.) Plaintiff dropped to one knee and said "this is some bullshit!" Officer Lee maced Plaintiff again and then radioed a code red. Officer Holcey answered the call and placed Plaintiff in handcuffs. As the guard lifted Plaintiff up Officer Lee hit his shoulder with a baton and "applied force to the left side" of his head while Officer Holcey punched his right rib cage. After Officers Holcey and Williams dragged Plaintiff to the Shift Commander's office, Plaintiff states that Officer Griffin slammed his head into a desk and asked him why he was threatening his officers. After that, Plaintiff was taken to the infirmary for a body chart. Plaintiff states he subsequently returned to the infirmary complaining of pain to his right lower rib cage and a physician later indicated that

Plaintiff's lower right rib had been bruised. (*Doc. No. 21*.)

Defendants argue that their use of force against Plaintiff on July 3, 2010 was justified after he physically attacked Officer Lee. Under the circumstances, Defendants contend that their use of force was reasonable and done for the purpose of restoring order and not maliciously or sadistically. Defendants further maintain that Plaintiff may not prevail on his excessive force claim due to the minor nature of his injuries. (*Doc. No. 15*.)

Plaintiff's medical records reflect that he received various injuries during the July 3, 2010 incident. Medical personnel observed an abrasion on Plaintiff's right shoulder as well as bruising around his waist and the right side of his forehead. Contrary to Defendants' argument regarding the relatively minor nature of Plaintiff's injuries, the United States Supreme Court in *Wilkins* held that the minor nature of an inmate's injuries is not dispositive of an excessive force claim. *Wilkins*, 130 S.Ct. at 1177 (Dismissal of "a prisoner's excessive force claim based entirely on ... [a] determination that his injuries were '*de minimis*' [is improper] ... [as it] is at odds with *Hudson's* direction to decide excessive force claims based on the nature of the force rather than the extent of the injury...."); *Hall v. Bennett,* 447 Fed. Appx. 921, 923-24 (11th Cir. 2011) (unpublished) (citing *Wilkins,* 130 S.Ct. at 1778) ("[W]hile [plaintiff's] medical reports did not note any obvious injuries, we are mindful of the fact that the focus of the inquiry is on the nature of the force applied, not the extent of the injury."). The nature of the injuries suffered by Plaintiff will, however, remain relevant to whether Officers Lee, Wilson, Griffin, and Holcey actually used force as described by

Plaintiff and whether they acted "'maliciously and sadistically'...." *Wilkins,* 130 S.Ct. at 1180.

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers,* 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir.1973)); *see also Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson,* at 7-8, 112 S.Ct. 995; *see also Whitley,* 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir.1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley,* 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson,* 481 F.2d at 1033).

*Skrtich*, 280 F.3d at 1300-1301.

Here, Plaintiff maintains that, without any justification or provocation, Officers Lee, Wilson, Holcey, and Griffin subjected him to excessive force. He maintains he was attacked by these guards maliciously and sadistically for no reason other than to cause him harm. As explained, Defendants have denied Plaintiff's allegations regarding the use of force and maintain at no time during the incident in question was more force used then necessary to subdue and gain control of Plaintiff. Similar to the scenario in *Hall v. Bennett*, *supra,* this

14

case presents "two competing, contradictory stories of what happened," and this court cannot "improperly weigh[ ] the witnesses' credibility by favoring [Defendants'] account over [Plaintiff's]." *Id*. at 924.  Viewing the facts in the light most favorable to Plaintiff, as the court must at this stage in the proceedings, the court concludes Officers Lee, Wilson, Holcey, and Griffin are not entitled to qualified immunity as Plaintiff has alleged facts sufficient to survive these Defendants' motion for summary judgment regarding the excessive force claim lodged against them. *Skrtich*, 280 F.3d at 1301.  Specifically, disputed issues of material fact exist regarding the use of force and whether Officers Lee, Wilson, Holcey, and Griffin acted "maliciously and sadistically" to cause harm.  Consequently, the motion for summary judgment with respect to the excessive force claim presented against these Defendants in their individual capacities is due to be denied.

*E.  Defendant Giles*

Plaintiff names Warden Sandra Giles as a defendant but makes no specific allegations against her.  He does not assert that she knew about any intent by Officers Lee, Wilson, Holcey, and/or Griffin to assault him nor does he allege that Warden Giles has a policy of allowing guards to assault inmates. To the extent Plaintiff names Warden Giles as a defendant based on her supervisory position, the law is settled that supervisory personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dep't of Social*

15

*Servs.,* 436 U.S. 658, 691-95 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing."). Based on the foregoing, summary judgment is due to be entered in favor of Defendant Giles.

*F. Defendant Baldwin*

Plaintiff alleges that Defendant Baldwin violated his right to due process. Specifically, he maintains that despite having knowledge of the July 3, 2010 incident, she presided over his July 13, 2010 disciplinary proceedings in violation of agency administrative rules prohibiting correctional personnel from "passing judgment" on an incident of which they have prior knowledge. (*Doc. No. 21*.) Defendant Baldwin asserts she had no knowledge of the July 3, 2010 event prior to holding Plaintiff's disciplinary hearing. (*Doc. No. 15, Baldwin Affidavit*.) Plaintiff, however, maintains otherwise because she, along with another

16

correctional officer (Officer Mildred Jordan), escorted Plaintiff to the infirmary following his altercation with Defendants Lee, Wilson, Holcey, and Griffin. (*Doc. No 15, Exh. 2 - Incident Report; Doc. No. 21*.)

Plaintiff is not entitled to relief on his due process claim. Not every deviation from an agency's rules is violative of the Constitution. *Smith v. State of Georgia*, 684 F.2d 729 (11th Cir. 1982); *see also Harris v. Birmingham Board of Education*, 817 F.2d 1525 (11th Cir. 1987). Proof of denial of due process arising out of administrative proceedings requires a showing of substantial prejudice which implicates fundamental fairness. *Ka Fung Chan v. Immigration & Naturalization Service*, 634 F.2d 248 (5th Cir. 1981); *N.L.R.B. v. Webb Ford, Inc.*, 689 F.2d 733 (7th Cir. 1982); *see also Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff fails to make this showing and the evidence before the court reflects that he would not be able to do so. (*See Doc. 15, Exh. 2, pgs. 12-31*.) The court, therefore, concludes that Defendant Baldwin is due to be granted summary judgment on Plaintiff's due process claim.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's request for injunctive relief be DISMISSED as moot;

2. Defendants' motion for summary judgment (*Doc. No. 15*) with respect to Plaintiff's claim for monetary damages lodged against them in their official capacities be

GRANTED as Defendants are entitled to absolute immunity from these claims;

3. The motion for summary judgment filed on behalf of Defendants Giles and Baldwin (*Doc. No. 15*) be GRANTED;

4. The motion for summary judgment filed on behalf of Defendants Lee, Wilson, Holcey, and Griffin (*Doc. No. 15*) with respect to Plaintiff's July 3, 2010 excessive force claim lodged against these defendants in all aspects of their individual capacities be DENIED;

5. This case be set for a set for an evidentiary hearing on Plaintiff's July 3, 2010 excessive force claim against Defendants Lee, Wilson, Holcey, and Griffin.

It is further

ORDERED that on or before **February 27, 2013** the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 13th day of February 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE